
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 21, 2017

**RODERICK MCALPIN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 106314   Steven Wayne Sword, Judge**

_____

**No. E2016-01482-CCA-R3-PC**

_____

The petitioner, Roderick McAlpin, appeals the denial of his post-conviction petition, arguing the post-conviction court erred in finding he received effective assistance of counsel at trial.  Following our review, we affirm the denial of the petition.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Leslie M. Jeffress, Knoxville, Tennessee, for the appellant, Roderick Jermaine McAlpin.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charme P. Allen, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

A Knox County jury found the petitioner guilty of four felony drug offenses and the offense of criminal trespass for acts committed on September 11, 2012.  The drug convictions consisted of possession with intent to sell more than 0.5 grams of cocaine within 1000 feet of a public school, possession with intent to deliver more than 0.5 grams of cocaine within 1000 feet of a public school, possession with intent to sell more than 0.5 grams of cocaine within 1000 feet of a child care agency, and possession with intent to deliver more than 0.5 grams of cocaine within 1000 feet of a child care agency.  The trial court merged the four convictions into one Class A felony conviction for possession

of more than 0.5 grams of cocaine with the intent to sell within 1000 feet of a public school. The trial court imposed an effective sixteen-year sentence to be served at one hundred percent pursuant to the enhancements afforded under the Drug-Free School Zone Act, and the petitioner appealed.[1] Tenn. Code Ann. § 39-17-432.

On direct appeal, this Court summarized the factual and procedural history of the petitioner's case as follows:

> Officer Joel Ascencio of the Knoxville Police Department testified that on September 11, 2012, he was patrolling the area of the Western Heights housing project. At around 3:30 a.m., he observed [the petitioner] walking between some buildings. Officer Ascencio approached [the petitioner] to ask if he lived there. Officer Ascencio testified that the area is a "high crime" area and that the housing project maintains a "no trespass list" to keep non-residents from being on the property. As Officer Ascencio approached [the petitioner], he saw [the petitioner] make a throwing motion with his hand. Officer Ascencio asked [the petitioner] if he lived there. [The petitioner] had a strong odor of alcohol on his breath. Officer Ascencio discovered that [the petitioner] was on the no trespass list and had already been "served" with notice not to trespass. Officer Ascencio told [the petitioner] to sit on the curb in front of his cruiser while Officer Ascencio waited for another officer to arrive. Officer Ascencio walked over to the area where [the petitioner] had been standing and found a bag of crack cocaine lying in the grass. He testified that the bag was on top of the grass and was "not embedded at all." Officer Ascencio testified that less than ten minutes had elapsed between the time he saw [the petitioner] make the throwing motion and the time he found the crack cocaine. Officer Ascencio did not see any other pedestrians or motorists in the area at the time. [The petitioner] did not have any drug paraphernalia on his person. Officer Ascencio used a field test kit to weigh the crack cocaine, which weighed 2.8 grams. Officer Ascencio testified that the consistency and size of the individual rocks indicated to him that they were intended to be sold or delivered.

> Sergeant Joshua Shaffer was qualified by the trial court to testify as an expert in the area of drug investigation. Sergeant Shaffer examined the crack cocaine found by Officer Ascencio. He determined that the crack cocaine was "probably freshly cooked" because there was "still quite a bit of what appears to be particles sticking probably from the moisture."

---

[1]The petitioner also received a concurrent thirty-day sentence for the criminal trespass conviction.

Sergeant Shaffer testified that the bag contained one "larger chunk" and "some smaller individual pieces that ha[d] been broken off." Sergeant Shaffer testified that an individual "rock," weighing .1 to .2 grams would be worth $20. He estimated the value of the crack cocaine found by Officer Ascencio, once broken into individual rocks, would be worth between $280 and $560, depending on the size and number of individual rocks. Sergeant Shaffer opined that based on his examination of the evidence, the crack cocaine was intended for sale or delivery.

*State v. Roderick Jermaine McAlpin*, No. E2013-02267-CCA-R3-CD, 2014 WL 4952790, at *1-2 (Tenn. Crim. App. Oct. 2, 2014), *perm. app. denied* (Tenn. Jan. 16, 2015). After its review, this Court upheld the rulings of the trial court, noting the evidence produced at trial was sufficient to support the petitioner's convictions and the trial court properly denied the petitioner's motion to suppress. *Id.* at 4, 6.

Subsequently, the petitioner filed a *pro se* petition for post-conviction relief. The trial court appointed counsel who filed an amended petition alleging multiple deficiencies of counsel. In the amended petition, the petitioner set forth the following allegations, arguing each resulted in ineffective assistance of counsel: (1) both trial and appellate counsel failed to properly challenge his enhanced sentence; (2) trial counsel failed to properly investigate and call Erica Johnson as a witness at trial, thus allowing the State to "paint [the petitioner] as a drug dealer;" (3) trial counsel failed to cross-examine three of the State's witnesses; (4) trial counsel erred by not objecting to certain definitions, or lack thereof, in the trial court's jury instructions; (5) trial counsel failed to have the "plastic baggie containing the substance at issue" tested for fingerprints by either the police or an independent expert; (6) trial counsel forced the petitioner not to testify at trial; (7) trial counsel erroneously bypassed a "live hearing" on the motion to suppress the drugs found on the scene of the petitioner's arrest; and (8) trial counsel should have required the State to make an election of offenses.

The petitioner and trial counsel testified at the post-conviction evidentiary hearing. Appellate counsel did not testify. The post-conviction court summarized the evidence produced at the hearing, as follows:

The relevant facts, as more fully contained in the record of this cause, establish that the [p]etitioner was convicted after a jury trial on a drug-related offense. During the trial, he was represented by [trial counsel]. The [p]etitioner testified at the post-conviction hearing. Much of his testimony consisted of the [p]etitioner attempting to read from his notes certain legal phrases he wanted to communicate to the court rather than

testifying from his own memory and knowledge. These statements were of little value to the court in evaluating the merits of the [p]etitioner's claim.

The [p]etitioner stated that "the law protects him from such harsh sentences" as the one he received in this case. However, he admitted that [trial counsel] advised him that the potential sentence in his case was 15-25 years at 100%. He received a sentence of 16 years. The [p]etitioner presented no further proof on how [trial counsel] was ineffective regarding the sentence he received from the court or what [trial counsel] should have done differently during the sentencing phase.

The [p]etitioner testified that [trial counsel] did not adequately investigate the case or come up with a defense. The only specific argument to support this claim was that [trial counsel] did not speak with or subpoena a potential witness, Erica Johnson. However, he could only say that Ms. Johnson would have testified that the [p]etitioner "wasn't the villain the State tried to paint me as." [Trial counsel] testified that he did not call Ms. Johnson to testify because she would have hurt the case. She would have put the [p]etitioner in the location of the crime. This would have hurt the [p]etitioner's case.

The [p]etitioner also testified that [trial counsel] should have requested that the baggie containing the substance be fingerprinted. [Trial counsel] testified that he knew there was no point in having the baggie fingerprinted. Based upon [trial counsel's] extensive background in law enforcement, he knew there could be no prints on the bag. The lack of fingerprint testimony would likely be more helpful to the [p]etitioner. [Trial counsel] did examine the baggie in question prior to the trial.

The [p]etitioner also stated that [trial counsel] did not properly cross-examine any witness other than Officer Ascenscio. However, once again, the [p]etitioner was unable to explain how [trial counsel] could have more effectively examined the witnesses. [Trial counsel] explained that the alleged location of the crime was almost directly in the center of the zone. There was no doubt that the offense was within the restricted zone. Challenging the maps or the school representative would have had no effect. The court finds that record of the trial supports [trial counsel's] assessment.

The [p]etitioner testified that [trial counsel] was ineffective in not objecting to certain jury instructions, forced the petitioner not to testify, and

failed to have the [p]etitioner testify during the suppression hearing. Once again, the [p]etitioner merely made allegations of ineffectiveness and recited legal phrases he has learned rather than explaining what he thought should have been different. [Trial counsel] testified that he begged the [p]etitioner to testify at the trial. The court finds [trial counsel] credible and finds that the trial record supports that the [p]etitioner clearly chose not to testify. [Trial counsel] also testified that he did not have the [p]etitioner testify at the suppression hearing to avoid having him say something that could be used against him during the trial. He believed that the submitted record would be sufficient for the court to determine the suppression issue. Finally, no proof was presented as to how the pattern instructions complained of by the [p]etitioner were faulty or what [trial counsel] should have done differently.

After its review of the evidence presented, the post-conviction court held trial counsel "provided competent representation to the [p]etitioner and was, despite a conviction in this case, successful in achieving a sentence close to the minimum he was facing." The court denied post-conviction relief, and this appeal followed.

## ANALYSIS

On appeal, the petitioner asserts the outcome of his trial would have been different absent five deficiencies of trial counsel. First, the petitioner argues trial counsel was ineffective in failing to demand a "live hearing" on the motion to suppress the bag containing crack cocaine found at the scene of the petitioner's arrest. The petitioner also contends trial counsel's failure to fingerprint the bag of crack cocaine amounted to ineffective assistance of counsel. Next, the petitioner asserts trial counsel refused to let him testify at trial. The petitioner also claims trial counsel failed to present Erica Johnson as a witness in his defense. Finally, the petitioner argues trial counsel was ineffective in failing to require the State to elect the offenses upon which it sought to convict him. The State asserts the petitioner's claims are meritless. Following our review of the record and submissions of the parties, we affirm the judgment of the post-conviction court.

The petitioner bears the burden of proving his post-conviction allegations by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *See Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is *de novo,* with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of

counsel presents mixed questions of fact and law. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's post-conviction allegations *de novo,* affording a presumption of correctness only to the post-conviction court's findings of fact. *See Id*.; *Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a post-conviction petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id*. Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*.; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

First, the petitioner argues trial counsel was ineffective in failing to demand a "live hearing" on the motion to suppress the bag of crack cocaine. According to the petitioner, a hearing "should have been held" to allow him to prove the drugs were not his. However, the petitioner failed to provide additional evidence in support of this claim. Rather, the evidence produced at the post-conviction hearing details trial counsel's strategy regarding the motion to suppress. Trial counsel explained it is "not normal procedure" to have the petitioner testify at a suppression hearing. Thus, he relied on video footage of the petitioner's arrest in order to avoid opening the door to any potentially incriminating testimony from the petitioner at a "live hearing." Trial counsel believed the video and his well-argued motion were sufficient for the trial court to rule on the motion to suppress.

Upon its review, the post-conviction court accredited trial counsel's testimony, stating trial counsel "filed pre-trial motions to attack evidence, and developed a trial strategy based upon the facts presented to him in this case." We agree. The petitioner has failed to show that trial counsel's strategy regarding the motion to suppress amounted to deficient performance. *See* Tenn. Code Ann. § 40-30-110(f); *Goad*, 938 S.W.2d at 369. Thus, the petitioner is not entitled to any relief as to this issue.

The petitioner next contends trial counsel's failure to have the bag of crack cocaine tested for fingerprints amounted to ineffective assistance of counsel. The record, however, does not support this assertion. At the evidentiary hearing, the petitioner stated he requested fingerprinting in order "[t]o prove [his] innocence." The petitioner argues on appeal that "if fingerprints could have been lifted from the baggie, and the prints were not those of [the petitioner], a powerful defense could have been presented." In contrast, trial counsel, based upon his experience as a seasoned police officer, explained plastic bags are "never [finger]printed because . . . it's never been successful." As stated above, the post-conviction court accredited trial counsel's testimony and nothing in the record preponderates against the findings of the post-conviction court. *See Tidwell v. State*, 922 S.W.2d at 500. The petitioner has failed to show how trial counsel's decision not to have the bag of crack cocaine tested for fingerprints fell "below an objective standard of reasonableness." *Goad,* 938 S.W.2d at 369. Moreover, based on the overwhelming proof presented at trial, the petitioner has failed to establish that but for counsel's decision not to have the bag tested for fingerprints, the outcome would have been different. Thus, the petitioner has failed to show any prejudice, and he is not entitled to relief.

The petitioner next asserts trial counsel forced him not to testify at trial. However, the record before us does not support his assertion. At the evidentiary hearing, trial counsel stated he "absolutely wanted [the petitioner] to testify" at trial, but the petitioner refused saying, "I'm not going to convict myself. I'll let them convict me." The record

also reveals a proper *Momon*[2] hearing was conducted at trial wherein the petitioner confirmed his decision not to testify. Further, when specifically asked at the post-conviction hearing if he was forced by trial counsel not to testify, the petitioner stated: "No sir." Finally, the post-conviction court accredited the testimony of counsel over that of the petitioner's. *See Tidwell*, 922 S.W.2d at 500. Consequently, the petitioner has failed to present evidence showing trial counsel placed any pressure on him regarding his decision not to testify at trial. *See* Tenn. Code Ann. § 40-30-110(f). The petitioner has failed to meet the burden required of him and is, therefore, not entitled to any relief as to this issue.

Regarding the petitioner's allegation concerning trial counsel's failure to present Erica Johnson as a witness at trial, we also find this claim to be meritless. In order "[t]o succeed on a claim of ineffective assistance of counsel for failure to call a witness at trial, a post-conviction petitioner should present that witness at the post-conviction hearing." *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008) (citing *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990)). "As a general rule, this is the only way the petitioner can establish that . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Id.* The petitioner failed to call Erica Johnson at the post-conviction hearing and as such, he cannot meet his burden. *See id.* Our review of this claim mirrors that of the trial court, which succinctly stated:

> In this case, the court does not know to what Ms. Johnson would have testified. The [p]etitioner merely states that she would have shown that the [p]etitioner was not a bad guy. Such character evidence would likely be inadmissible. Had it been admitted, the State would have been able to introduce contrary evidence, thus opening the door to all kinds of other bad conduct on the part of the [p]etitioner. The court finds that even had it been admissible, such testimony from Ms. Johnson would not have materially aided the [p]etitioner's defense at trial. The court has no way of knowing if Ms. Johnson would have been credible.

By failing to call the alleged witness during the post-conviction hearing, the petitioner failed to meet the burden required of him. *See Strickland,* 466 U.S. at 694; *Pylant*, 263 S.W.3d at 869. This argument is without merit.

---

[2]*See Momon v. State*, 18 S.W.3d 152, 162 (Tenn. 1999) (requiring "defense counsel [to] request a hearing, out of the presence of the jury, to inquire of the defendant whether the defendant has made a knowing, voluntary, and intelligent waiver of the right to testify").

Finally, the petitioner argues trial counsel was ineffective in failing to require the State to elect the offenses upon which it sought to convict him. Here, the record indicates there was no requirement for the State to make an election despite the petitioner's request of the same. Although the defendant may demand that the state elect between factual occurrences in an indictment, the state is not required to elect between separate charges in the same indictment. *State v. Henley*, 774 S.W.2d 908, 916 (Tenn. 1989). The petitioner was charged with and convicted of four separate drug offenses. The trial court properly merged the four convictions into one Class A felony drug conviction, and he was sentenced accordingly. *See State v. Tracy Dale Tate*, No. E2014-01191-CCA-R3-CD, 2015 WL 2400718, at *7 (Tenn. Crim. App. May 20, 2015), *perm. app. denied* (Tenn. Aug. 12, 2015). As such, the petitioner has not, and cannot, show trial counsel was deficient in failing to object to the State's failure to elect. Again, the petitioner has failed to show deficiency on the part of counsel and, therefore, is not entitled to relief.

In denying post-conviction relief, the post-conviction court stated, "[t]he [p]etitioner has failed to show that [trial counsel] was deficient in any manner. Therefore, the court does not need to examine the second prong of prejudice." We agree with the trial court's assessment of the petitioner's claims. No evidence exists in the record to support his attack on trial counsel's performance or how the alleged deficient performance affected the outcome of his trial. *See Strickland*, 466 U.S. at 687. The petitioner is not entitled to post-conviction relief for his claim of ineffective assistance of counsel.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
J. ROSS DYER, JUDGE